IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06–00190-02-CR-W-HFS |
| | ) | |
| LORRAINE C. STEGMAIER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before me are motions to suppress evidence, and a report and recommendation that I deny such motions. Judge Larsen's recitation is unusually elaborate and detailed, and I conclude I should not add to the extensive filings to date. I have reviewed the transcript and briefing. The factual findings proposed are in question on only one point, and I agree with Judge Larsen that his factual recitation is sound. In several respects defendant's testimony is not credible, possibly in part because of confusion in her memory.

As to the proposed conclusions of law, I generally agree with the report and recommendation. In two respects, however, I disagree. I doubt that "inevitable discovery" is a realistic theory, and thus agree with defendant's first objection (page 2 of Doc. 70). I doubt that officers would have felt sufficiently at risk to have searched a purse or handbag as a protective measure, and do not view that type of discovery as foreordained. I also agree with defendant's third objection (page 3). There was no probable cause to arrest her for being part of a manufacturing operation. I note that Judge Larsen refers to illegal activities rather than manufacturing. That would include defendant's personal possession of marijuana and possibly joint possession of drugs. These

reservations do not change the result, however, and, for reasons stated by Judge Larsen the motions to suppress are therefore DENIED.

          /s/ Howard F. Sachs
          HOWARD F. SACHS
          UNITED STATES DISTRICT JUDGE

August 10, 2007

Kansas City, Missouri